Curia, per
Earle, J.
The first ground of appeal was urged on the trial below on a motion for non-suit, and was overruled. This court is- of opinion that it was properly overruled, and that it cannot avail the defendant here, either for non-suit or new trial. The first default was clearly proved to have been on the part of the defendant, in not furnishing the mill rocks for the grist-mill, when he received notice from the plaintiff that he was ready to put them up, and was waiting for them. At that time the saw-mill was finished, except a small part of the roof. No doubt all the work which the plaintiff undertook to do was required to be completed, according lo the terms of the covenant, before he was entitled to demand payment of the price stipulated. But the order in which he should complete the different portions of the work was not prescribed ; and when the plaintiff was ready to put up the rocks, and required them to be furnished, it was no sufficient answer on the part of the defendant to say, “ the roof of the saw-mill is not finishedit would have been enough for the plaintiff to furnish the whole work by the first of November, as he might have done had the rocks been furnished.
The evidence in regard to the plan, the quality of the work, and the materials, was fairly submitted, with instructions which are not specially excepted to.
The second ground of appeal is, that the mills were proved not to have been built upon the best possible plan. And the argument is, that in cases of covenant like this, the jury cannot apportion the damages. The objection to the plan related only to the saw-mill, and the proof was positive that the defendant had accepted the work done on the grist-mill. It would, I think, be a new principle, which would deprive the plaintiff of his right to recover pro tanto, whatever might be the extent of the defects in regard to the saw-mill, provided the declaration is so drawn as to meet the case made. It has not been brought to the view of the court, either on the trial below or in the argument here. We ought, therefore, to conclude that there was no *138 defect in. the plaintiff’s pleading. The case has been likened, in the argument, to contracts for seamen’s wages, and other personal services, and of affreightment, where the freight is payáble on the delivery of the goods at a particular place. But if the count is properly drawn, the rules which govern the plaintiff’s right to recover are the same which apply to all contracts for services and work, whether with or without seal. The defendant, having first failed to perform his part, cannot resist the recovery, because the whole work was not finished within the time; and, having accepted and used a considerable portion of the plaintiff’s work, he cannot deny the plaintiff’s right to recover pro tanto. Motion refused.
Fair and Summer for motion; Caldwell and Cald-Well, contra.
Richardson, O’Neall, Evans, Butler, and Wardlaw, JJ., concurred.